PAYNE, J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Appellant Ronnie Otts was charged and convicted in the Circuit Court of Monroe County on two counts of burglary of a dwelling and ultimately sentenced to ten years on each count. On this appeal appellant contests the trial judge’s denial of his motion for post-conviction relief and the ruling that the sentences on the two counts should run consecutively rather than concurrently. Finding his arguments to be without merit, we affirm.
FACTS
¶2.'On June 29, 1995, appellant entered a guilty plea on two counts of a charge of burglary and larceny of dwelling (causes CR95-049 and CR95-050). On Count I he was sentenced to ten years imprisonment by the Monroe County Circuit Court and given a suspended sentence with five years probation. Sentencing on Count II was to come later and was contingent on appellant’s behavior while on probation.
¶ 3. Appellant’s probation was revoked in July 1996. A contributing factor to revocation of appellant’s probation was his leaving the state without contacting his parole officer. Subsequent to his leaving Mississippi, appellant was convicted in Illinois on cocaine charges and sentenced to two years with the Illinois Department of Corrections.
¶ 4. Upon revocation of appellant’s probation, the Monroe County Circuit Court sentenced appellant to ten years for cause CR95-050, to run consecutively with the previously imposed sentence of ten years for cause CR95-049. Appellant argues the sentences were to run concurrently.
*1193 ARGUMENT AND DISCUSSION OF THE LAW
STANDARD OF REVIEW
¶ 5. The standard of review utilized by this Court when considering an appeal of a decision by a lower court was stated in Stromas v. State, 618 So.2d 116 (Miss.1993). Generally, “a sentence will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.” Id. at 122.
¶ 6. In the present case, Miss.Code Ann. § 97-17-23 (Rev.1994) sets punishment for burglary of a dwelling at imprisonment not less than three years nor more than twenty-five years. Accordingly, the trial judge was within his limits in sentencing the appellant to two ten year terms, one for each count.
ANALYSIS OF THE ISSUES PRESENTED
I. WHETHER THE TRIAL JUDGE ERRED IN DENYING OTTS’ PETITION FOR POST CONVICTION RELIEF.
¶ 7. The trial judge was within his powers in denying Otts’s petition for post-conviction relief. In his motion for reconsideration appellant requested the two terms of imprisonment be altered to run as two concurrent ten year sentences rather than two consecutive ten year sentences. In support of this request, appellant cites several passages from the revocation proceeding on this matter.
¶ 8. At the June 1994 plea proceedings, the trial judge stressed to Otts that he would wait to impose a sentence on the second count; however, if Otts should violate his probation during the five year term, he would be sentenced to another ten year prison term to run consecutively with the suspended ten year term on the first count. As well, the sentencing order dated July 22, 1996, following the revocation hearing says the sentence on the second count shall run consecutively with the sentence imposed on the first count.
¶ 9. Appellant says he orally was told at the revocation hearing his sentence would run concurrently. However, examining the context in which that statement was made, the judge was recalling his words to Otts at a hearing two years earlier and it appears the judge misquoted himself. Yes, Judge Gardner did at the revocation hearing say, “I was going to give him 10 years in that case to run concurrent” (referring to count II); however, at no other place in the records of any proceeding on this case is there made any mention that Otts’s two ten year sentences were to run concurrently, save the other passage appellant brings up on which he is also mistaken for reasons to be addressed later in this opinion.
¶ 10. Appellant is not interpreting these statements for what they actually mean. The discussion that preceded these questionable statements regarded Otts’s Illinois two year sentence and whether that sentence should run concurrently with the ten year sentences. At no time did- the trial judge state Otts’s two sentences would run concurrently.
¶ 11. The grounds appellant raised in support of his motion on this issue are without merit in fact or in law. Accordingly, we affirm the trial judge’s ruling denying the motion for post-conviction relief.
II. WHETHER THE TRIAL JUDGE ERRED BY ORDERING THE APPELLANT TO SERVE TWO TEN YEAR SENTENCES TO RUN CONSECUTIVELY AFTER AN ORAL PRONOUNCEMENT TO THE CONTRARY HAD BEEN RENDERED IN OPEN COURT.
¶ 12. The applicable statute regarding whether prison terms should run concurrently or consecutively is Miss.Code Ann. § 99-19-21(1) (Rev.1994):
When a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each *1194 subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.
¶ 13. In the case sub judice, the trial judge was within his power pursuant to the statute to deny the appellant’s petition for post-conviction relief and to affirm his judgment of two ten year terms of imprisonment to run consecutively.
¶ 14. Otts claims he has the right to be sentenced in open court, and such was not the case here because after he left the courtroom the judge had a private discussion with the officer from the Mississippi Department of Corrections at which time Otts’s sentences were altered to run consecutively rather than concurrently.
¶ 15. Appellant bases his argument on his not being present at the “secret” meeting after the conclusion of the revocation hearing. Appellant misreads the following portion of the record at pages 7-8: (for clarification, Mr. Shelton is the attorney for Otts, Mr. Robbins is the representative from the Mississippi Department of Corrections).
THE COURT: The probation is hereby revoked. You are hereby ordered to serve a term of 10 years in the custody of the Mississippi Department of Corrections. You’ll be placed in the Regimented Inmate Discipline Program followed by the restitution — can’t do that?
MR. ROBBINS: Excuse me, Your Hon- or. Mr. Otts is now an inmate in the Illinois system, and this will not work ... He was sentenced to two years on the cocaine charge and 30 days on the jail escape.
OTTS: It’s all concurrent right here, sir.
THE COURT: Whatever happens here, they’ll go concurrent?
OTTS: Yes, sir. I’ve got papers right here.
THE COURT: I’ll tell you what, Mr. Shelton, what is your circumstance? I need to get underway with voir dire.
MR. SHELTON: As far as time today? I can stay here as long as necessary.
THE COURT: All right. Let me talk with the Department of Corrections.
(RECESS IN PROCEEDINGS)
¶ 16. Gathering from the dialogue quoted above, it logically follows at the conclusion of the proceedings Mr. Robbins, the representative from the Mississippi Department of Corrections, talked with the judge regarding Otts’s two year Illinois sentence and how the two ten year sentences imposed in Mississippi would work with that sentence. As well, it appears the discussion also regarded whether or not Otts was eligible for the Regimented Inmate Discipline program.
¶ 17. Reviewing the final dialogue before the close of the hearing, the foregoing issues are what the discussion subsequent to the proceedings was about, not whether Otts’s Mississippi sentences would run consecutively or concurrently.
¶ 18. Appellant cites various federal cases in support of the notion that where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls. However, the point is moot here as there was no discrepancy between the oral pronouncement of sentence and the written judgment, as appellant urges.
¶ 19. Otts is mistaken on this point, and we therefore affirm the trial judge’s ruling Otts’s two Mississippi sentences are to run consecutively.
CONCLUSION
¶ 20: The law nor the record supports the findings appellant asserts in this appeal. Therefore, we now affirm both the denial of post-conviction relief as well as the trial court’s sentencing appellant to two ten year prison terms to run consecutively.
*1195 ¶ 21. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO MONROE COUNTY.
McMILLIN, C.J, KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.